UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**GREGORY JACKSON,**

    **Plaintiff,**

  v.                        Case No. 1:21-cv-402
                                JUDGE DOUGLAS R. COLE
**DRUG ENFORCEMENT**         Magistrate Judge Litkovitz
**ADMINISTRATION,**

    **Defendant.**

## ORDER

This cause comes before the Court on the Magistrate Judge's December 10, 2021, Report and Recommendations ("R&R") (Doc. 9). The Magistrate Judge recommends that the Court dismiss Plaintiff Gregory Jackson's Complaint (Doc. 7) for want of prosecution. For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendation (Doc. 9) and accordingly **DISMISSES** Jackson's Complaint **WITH PREJUDICE** (Doc. 7).

To start, the R&R advised Jackson that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 9, #40). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly,

Jackson needed to object by December 27, 2021 (allowing for the Christmas holiday). The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). Federal Rule of Civil Procedure 41(b) allows a court to dismiss a case sua sponte for failure to prosecute. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). This includes pro se cases. *Id.* at 110.

Here, in her October 6, 2021, Order (Doc. 6), the Magistrate Judge directed Jackson to submit a completed summons form within thirty days. Jackson did not do so. Forty days after the Magistrate Judge entered her original Order, she entered an Order to Show Cause (Doc. 8). That Order provided Jackson an additional twenty days to explain why the case should not be dismissed for failure to prosecute. (*Id.* at #37). Jackson once again declined to respond in any fashion. Accordingly, twenty-five days after she issued the Order to Show Cause, the Magistrate Judge issued the R&R

2

(Doc. 9), recommending dismissal for want of prosecution. The Court cannot say that the Magistrate Judge committed "clear error" in determining that Jackson's repeated failure to respond to Court orders warranted such dismissal. Indeed, if anything, Jackson's failure to file any objection is yet further evidence that he does not intend to move forward with this action.

Accordingly, the Court **ADOPTS** the Report and Recommendations (Doc. 9). The Court thus **DISMISSES WITH PREJUDICE** Jackson's Complaint (Doc. 7). The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith and therefore **DENIES** Jackson leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

January 6, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**